# jackson|lewis

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (631) 247-4675
MY EMAIL ADDRESS IS: ADAM.GUTTELL@JACKSONLEWIS.COM

December 21, 2018

**VIA ECF**

Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:  *Brian Fischler v. Rose Associates, Inc. D/B/A The Maximilian*
>      Civil Case No.: 1:18-cv-08420

Dear Judge Abrams:

Pursuant to Your Honor's original Order and Notice of Initial Conference dated September 20, 2018, the parties, Plaintiff Brian Fischler ("Plaintiff") and Defendant Rose Associates, Inc. (improperly sued herein as Rose Associates d/b/a/ the Maximilian; "Defendant") jointly submit this letter detailing: (1) a brief description of the nature of the action and the principal defenses thereto; (2) a brief explanation of why jurisdiction and venue lie in this Court, including the place of incorporation and the principal place of business of the Defendant; (3) a brief description of all contemplated motions; (4) a brief description of the discovery necessary to engage in meaningful settlement negotiations; (5) a brief description of prior settlement discussions and the prospect of settlement; (6) the estimated length of trial; and (7) any other information the parties believe may assist the Court in advancing the case to settlement or trial. Further, we have enclosed the Parties' Joint Proposed Case Management Plan and Scheduling Order for Your Honor's consideration. The Initial Conference in this matter will take place January 18, 2019 at 10:30 A.M.

## I.    DESCRIPTION OF THE CASE

Plaintiff alleges in his Complaint that Defendant failed to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Plaintiff claims that this is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), the New York City Civil Rights Law ("NYCHRL"), and seeks declaratory relief. Plaintiff seeks a permanent injunction to cause a change in the Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.



Plaintiff Fischler is legally blind and cannot use a computer without the assistance of screen-reading software. Plaintiff alleges that Defendant's website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Fischler alleges that he encountered multiple barriers that denied him access to the website and physical locations equal to sighted individuals. As alleged, he could not, for example, fully enjoy the facilities, goods and services of Defendant's physical locations by being unable to learn about available apartments and contact "the Maximilian."

Defendant disputes Plaintiff's allegations. In particular, Defendant denies that its website is of any value, it offers no goods, services, and has limited content. Much of Defendant's business occurs over the telephone or in its locations, which are open to the public. These locations are fully accessible to Plaintiff, and those similarly situated. The website at issue serves a limited purpose. Thus, Plaintiff's experience with the website is no different than that of any member of the general public. At the close of discovery, Defendant intends to move for summary judgment because plaintiff's cause of action fails as a matter of law. Defendant will move to demonstrate that a website on the internet is not a place of public accommodation. *See* Access Now, Inc. v. Southwest Airlines, Co., 227 F.Supp.2d 1312, 1318 (Dist. Ct. Fl. 2002) ("In interpreting the plain and unambiguous language of the ADA, and its applicable federal regulations, the Eleventh Circuit has recognized Congress' clear intent that Title III of the ADA governs solely access to physical, concrete places of public accommodation."

In addition, neither the ADA nor the corresponding regulations provide for the regulation of internet and websites. Plaintiff's Complaint seeks to invoke the WCAG 2.1 guidelines to demonstrate the website's lack of accessibility. However, the Complaint identifies no authority to adopt the WCAG 2.1 under Title III of the ADA. Furthermore, Plaintiff's complaint is also lacking in authority, stating simply that there are guidelines to make websites accessible, and that defendants are liable for not taking the steps set forth in those guidelines. The problem is that the guidelines cited by the plaintiff are implemented by a standards organization, which has no relation to the ADA.

Therefore, Defendant will seek to establish that as a matter of law, the lack of any guidelines or regulations governing the accessibility of the internet and website is definitive proof that Title III of the ADA was not intended to govern the accessibility of websites. Plaintiff will not be able to present any evidence to support a finding that any guideline has been promulgated under Title III of the ADA to regulate the accessibility standards of internet and websites. Therefore, even when viewing the facts in a light most favorable to Plaintiff, his claims under Title III of the ADA, NYSHRL, NYSCRL and NYCHRL must fail.


Honorable Ronnie Abrams, U.S.D.J.
United States District Court Southern District of New York
December 21, 2018
Page 3

## II. THE BASIS FOR JURISDICTION AND VENUE

The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. 1331, and over Plaintiff's state and local claims pursuant to 28 U.S.C. 1367. Plaintiff is a resident of Astoria, New York. Defendant maintains a physical location at 200 Madison Avenue, 5th Floor, New York, New York. Defendant is incorporated in New York and Delaware. Defendant's principal place of business is 200 Madison Avenue, 5th Floor, New York, New York.

## III. ANTICIPATED MOTION PRACTICE

At this time, Defendant anticipates the following pre-trial motions in this matter:

*Summary Judgment* – the Defendants anticipate moving this Court pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing Plaintiff's claims at the close of discovery on the grounds, *inter alia*, that the website is not a place of public accommodation, Plaintiff did not attempt to use the website, Plaintiff had no intention of utilizing Defendant's services, and there are no standards adopted under the law governing the level of compliance required on such a website.

At this time, Plaintiff anticipates the following pre-trial motions in this matter:

Rule 23 (a) and (b) class certification.

## IV. DISCOVERY

The Parties have not engaged in any discovery to date. Should this matter not result in early resolution, the Parties anticipate engaging in discovery, including but not limited to, document requests, interrogatories, and depositions (Plaintiff and corporate representative of Defendant). Enclosed with this letter please find the Parties Joint Proposed Case Management Plan and Scheduling Order for Your Honor's consideration.

## V. SETTLEMENT

The parties have had settlement discussions, and are fairly close to meeting on a resolution but may need additional time to do so.

## VI. ESTIMATED LENGTH OF TRIAL

At this early pre-discovery stage, it is difficult to estimate a length of trial. However, the Parties anticipate a three (3) day trial will be sufficient. Should more information become available throughout the course of discovery that suggests a different timeframe, the Parties will promptly notify the Court.



Honorable Ronnie Abrams, U.S.D.J.
United States District Court Southern District of New York
December 21, 2018
Page 4

### VII. OTHER INFORMATION

The Parties are not aware of additional, relevant information for Your Honor's consideration at this time.

\*   \*   \*

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Adam G. Guttell

AGG/pr
Attachment
cc:   All counsel of record (via ECF)

4813-2056-7172, v. 1